Thank you. I'm Bernard Schwartz for the appellants. This case obviously is enduring a lot of evolution as we go along. We have Garcia, we have Castro Tum, and we have the case in the Fourth Circuit now that's also telling us that Castro Tum is invalid. Of course, it's only persuasive in this court, but it certainly indicates that Castro Tum is possibly invalid in this circuit as well. The District Court And you think the fact that the Fourth Circuit decision cast enough doubt on Castro Tum that your case is not moot? Exactly. But you had a chance to challenge Castro Tum below, and you specifically rejected that. You could have been in the same position as the litigants in the Fourth Circuit had. You Why should we now entertain an application that you previously specifically waived? I didn't specifically waive it, Your Honor. Were you not asked by Judge Caproni if you wanted to include the Castro Tum claim, challenge Castro Tum? Well, I challenged it for purposes of mootness, but not for the merits because I didn't believe the District Court had any jurisdiction to decide the merits of Castro Tum. Okay. But now you want us to send it back for her to consider Castro Tum? Yes. Because the Fourth Circuit now decided and invalidated Castro Tum. Well, they gave some credibility to the argument that it was possible that the standing mootness argument was not fully met, that there was a possibility, there was a small cognizable interest, a small effectual remedy to help the plaintiffs in this case. But you are challenging the lawfulness of the policy that directs ICE attorneys not to move. Is that right? That was the original District Court case, yes. So whether you challenge Castro Tum or don't challenge Castro Tum, that's an independent challenge. Yes. And the question is whether that challenge is moot. I believe it is not because it provides... Am I not right that that's the question? The question is whether your challenge to the administrative order to the ICE attorneys is moot, which the District Court ruled. Correct. And you say it's not moot. Not moot. I believe that the government has a very heavy burden. That's an independent question from challenging Castro Tum. Yes, but that's what the District Court relied on. Right, I know. So I need to address... So you need to tell us why this challenge is not moot. It's not moot because Castro Tum could be invalidated, number one, and as the Fourth Circuit indicated, it is invalid in their circuit. And the order that bars ICE attorneys from moving for administrative closure diminishes the opportunity of some of your plaintiffs to successfully challenge Castro Tum at some time. It diminishes it for purposes of settled expectations, yes, as well as the general authority of the Attorney General to have changed his mind on this. Because there's two arguments for arguing that Castro Tum is invalid. One, the reasoning of the Fourth Circuit, of course, and also we believe that settled expectations and retroactivity is another reason because Castro Tum did not consider that at all. And a litigant who wants to challenge Castro Tum and get it overturned, say in the Supreme Court, has a better opportunity to do so if the ICE attorneys are not barred from recommending to an I.J. administrative closure. That's correct. Because if the I.J. might, in the absence of a—in a circumstance where the attorney, the ICE attorney, might have recommended administrative closure but for the administrative order, and the I.J. would have been more likely to grant it with a recommendation, it would be more likely without a recommendation to deny it, that I.J. might give discretionary reasons as well as Castro Tum as a reason for denying it, or even not mention Castro, just deny it for discretionary reasons where the—and that would mean that the person who wants to challenge Castro Tum is barred from doing it by mootness. If the I.J. has ruled for a different reason. Well, that may be, but when somebody— That's already in your favor, so you don't need to rebut it too energetically. No, I understand. I think that when—I think to understand administrative closure, one has to look at the case of matter of Avetisian, which is the celebrated case in the BIA that said in 2013, okay, that ICE no longer had a veto power over administrative closure, and that they would take all these factors into consideration. However, our plaintiffs are not that interested in matter of Avetisian type administrative closure, because when we have a prosecutorial discretion recommendation, it's stipulated by the parties. There's really no discretion to be exercised. And in my view, Avetisian doesn't even apply anymore. But the administrative law judge didn't have to follow it, right? Didn't have to follow, sorry? If ICE recommended administrative closure, the administrative law judge didn't have to follow it. The I.J. didn't have to follow it, right? He doesn't have to, but he's— Is there anything in the regulations that required him to follow it? No. Okay. So it was discretionary on behalf of the I.J., right? So how is it that one follows the other? It's just that when it comes to reviewing the I.J.'s decision, he would probably have to find some kind of basis to exercise his discretion negatively. And if it's stipulated, my feeling is that he would be really subject to abuse. Okay. Thank you. Thank you.  Thank you. Thank you. Thank you.  Good morning, Your Honors. My name is—may it please the Court—my name is Kirthi Vaidya Reddy. And on behalf of the United States Attorney's Office for the Southern District of New York, I represent the defendant appellees in this matter. Your Honors, the decision of the district court dismissing the complaint as moot should be affirmed. This case involves eight aliens, four sets of spouses who have all been and currently are in removal proceedings before the Immigration and Customs Enforcement and before the Immigration Court. They challenge a 2017 policy memorandum issued by the Secretary of Department of Homeland Security. And that policy memo stated that prosecutorial discretion should not be exercised according to enforcement priorities so that it excludes certain categories of aliens. And instead, the immigration law should be enforced equally against all aliens. One of the effects of the 2017 memoranda was that DHS personnel, including attorneys, could no longer recommend, in their prosecutorial discretion and based on their enforcement priorities, administrative closure to an immigration judge. But importantly, regardless of a Department of Homeland Security personnel's recommendation to an immigration judge, the immigration judge could still administratively close an alien's case. Here, plaintiffs challenge this 2017 memoranda because if it were rescinded, according to the plaintiffs, or nullified, they would allegedly be able to seek a discretionary recommendation which they assume would be favorable and their case would be administratively closed. However, their claims are moot because the Attorney General in 2018 issued the matter of Castro-Tum. Can I just ask, it may be that these claims are not meritorious on other grounds, but I'm having a little difficulty with the mootness argument. In my difficulty, and I'll explain it and then you can tell me what I'm missing, it just seems to me that they now have to accomplish two things. They have to get this prosecutorial policy put back in place so the DHS can exercise discretion and make recommendations. And then they'd have to deal with Castro-Tum, so their legal position is more difficult. But why is it moot? Because based on Castro-Tum, which is valid in this circuit, valid law in this circuit, the district court could not give relief to the plaintiffs. Because of the relationship between the two, wouldn't the district court have been justified to have the plaintiffs, wouldn't the district court have had a live controversy before? If the petitioners had said to her when she asked them if they wanted to consider the implications of Castro-Tum, yes, we will, because it's a two-step process. One, the ICE attorney has to recommend administrative closure, and two, the IJ then has to decide and exercise his or her discretion to close it. One doesn't follow from the other, but it is a process in which one doesn't require the next, the first step's not required for the second step. There's independent reasons for administrative closure. But in their instance, it would be a process where there would be first a recommendation and then a determination as to closure, correct? That is correct, Your Honor. If she made, if she specifically asked them if they were going to challenge Castro-Tum and they said no. Correct. So she, the only thing she could do was say that they were entitled to the letter, but she couldn't give them any additional relief with regard to administrative closure because they didn't challenge Castro-Tum. Your Honors, even if the plaintiffs had challenged Castro-Tum in the district court, we would have moved to dismiss for other reasons raised in our district court briefing. First of all, the plaintiffs have not completed the administrative process. In Castro-Tum, also in the Fourth Circuit Romero case that was addressed earlier, the plaintiffs went through the administrative process. They exhausted their administrative remedies, went to the BIA, and then filed a petition for review. And that is the process that plaintiffs should proceed with. So that's a step, that might be with regard to whether the court could or could not have heard their claims. And so you're saying that even if they had asked the court to do so, the court would have been ill-advised to have gone so because they had not, they weren't at the appropriate step to have a stake in the matter with regard to challenging the legitimacy of Castro-Tum? That's correct, Your Honor. That would have been one of the reasons the government would have raised. However, that's not the issue here because plaintiffs did not raise it. They explicitly waived that issue. And even in their briefing before this Court, several times they specifically state on page three of their briefing, on page 33 of their briefing, that they are not challenging the merits of Castro-Tum. Has anything changed with regard to the, excuse me, has anything changed with regard to the status of their applications with regard to removability that would put them into a standing position to challenge Castro-Tum? No, Your Honor. Currently, plaintiffs Bravo and Goumon have a hearing date before the immigration judge scheduled in June 2020. Plaintiffs Ramos and Luno have a hearing date scheduled before the immigration court in July 2021. And the remainder of the plaintiffs have had merits hearing on a relief or application for cancellation of removal. And it has been continued without a date set. So it's been continued indefinitely. Your argument presupposes the lawfulness and continued validity of Castro-Tum. You say that they're moot because it doesn't matter whether the ICE attorney recommends the IJ can't grant administrative closure under Castro-Tum. So in order to get the relief they are seeking, a plaintiff needs to get Castro-Tum invalidated. Now if an IJ, when there's a request made for administrative closure by the plaintiff, if an IJ requests administrative closure and the IJ rejects it on two different grounds, one a discretionary ground and the other Castro-Tum, or rejects it solely on the administrative, on the discretionary ground, either way that person doesn't get the opportunity to challenge, further challenge Castro-Tum because it's moot. Because in that circumstance it's moot because the result sought, administrative closure, has been granted, has been denied rather, for a discretionary reason that doesn't involve the validity of Castro-Tum. And there's no further opportunity to challenge Castro-Tum because of that mootness. Now if the lawfulness, if one rules that the order being challenged in this proceeding, the order that prevents ICE attorneys from recommending administrative closure were removed, such a person, such a plaintiff would have a better opportunity, an improved opportunity to challenge Castro-Tum because it takes away the circumstance in which the IJ would deny for a discretionary ground rather than simply relying on Castro-Tum and making ripe a challenge to Castro-Tum. That may be, Your Honor, but that's... If that may be, it means it's not moot. Your Honor, but that's speculating that the immigration judge would not simply deny based on the current law, which is Castro-Tum, which would probably be a more direct and simple denial. Well, an administrative judge, you know, judges are very conscious of ruling in a manner that will avoid the possibility of a higher court overturning their orders. If a judge rules on a discretionary ground, that would moot any challenge to Castro-Tum. So a petitioner who would like administrative closure has a better opportunity to be, to have a non-mooted opportunity to challenge Castro-Tum, which he'll be deprived of unless this order is set aside because the circumstances in which an administrative judge might favor this are removed if the ICE attorney is not permitted to rule. Your Honor, in Romero, the Fourth Circuit case, the immigration judge did deny based on Castro-Tum, and it went up through the process to the appellate court. So immigration judges are denying based on, denying the request to... that they can also deny on discretionary grounds, which would then eliminate the petitioner's opportunity to challenge Castro-Tum, and therefore it's not moot. But that's not the... The position would be improved with respect to a challenge to Castro-Tum. Otherwise, he would simply have no opportunity to challenge Castro-Tum. But that's not the case here, Your Honor. There's no evidence in the record that these plaintiffs have went before the immigration judge, saw administrative closure, and it was denied based on another discretionary ground. These cases aren't at that point. I mean, the only thing, the only thing that's changed is since the petitioner foreswore wanting a ruling on Castro-Tum in the district court is that the Fourth Circuit's gone the other way on the legitimacy of it. Nothing factually has changed, has it? No, Your Honor, nothing factually. Right. So they, if they had a chance to seek the remedy that would give them an ultimate opportunity to challenge Castro-Tum, they foreswore it in the district court. They asked only for a ruling with regard to the revocation of the law, of the ICE attorney's ability to exercise discretion and seek administrative closure of the cases. Correct. Okay. Thank you, Your Honor. Now, what about your adversary said that it was in, that, that, that, that the district court, did I understand him correctly to say that the district court wouldn't have discretion, wouldn't have jurisdiction to challenge Castro-Tum? Is that, did I misunderstand? We would take that position, Your Honor. As I mentioned earlier, the correct procedure for someone to challenge a decision that occurred through the immigration proceedings is through a petition for review. So that administrative process had not been completed. But what about the argument then? If the, if the proceeding, if the proceeding before the district court was not the appropriate place for the challenge to Castro-Tum, then you can't say they've waived it because they were simply waiting for the appropriate opportunity to challenge it rather than challenging it at a place where the court didn't have the jurisdiction to, to, to make the ruling that they would ultimately want. We believe it's both, Your Honor. What? We believe it's both, Your Honor. Plaintiffs waived the opportunity to raise a challenge to Castro-Tum in the district court. And even if they had, we would, we believe the court wouldn't have had jurisdiction to rule on him. I thought you just told me that the appropriate place to challenge Castro-Tum would be on a petition for review, not in a, not in a district court proceeding. That's correct, Your Honor. And it's not a waiver to not raise an issue which is not in the appropriate court. That's not a waiver. Okay, Your Honor. Then, um, uh, I apologize, the, uh, proper process would have been through a petition for review to raise Castro-Tum. That destroys your mootness argument. No, Your Honor. The, the action continues to be moot because there is no relief that the district court could give that was redressable. In district court, that would have, um, It doesn't have to be redressable in district court. It can be redressable in a later stage of the proceeding. If the district court rules in a manner favorable to the plaintiffs, um, uh, with respect to the, the administrative order telling the ICE attorneys, you're not allowed to recommend this, that will improve the possibility of that plaintiff from ultimately achieving the goal, raising it at the appropriate place rather than at the inappropriate place of, of securing the second necessary prong of relief that they need, which is overturning Castro-Tum. Your, Your Honor, it's our position that, uh, regardless of whether the 2017 memo were, was overturned, plaintiffs would still have an opportunity to challenge Castro-Tum through the proper channels. Thank you, Your Honors. Was it, what is it that you'll ask the district court to do? I ask the district court to declare the Kelly memo to be invalid because it didn't take it. And then what? And what, what else? And if it declares it on, uh, invalid, what then happens? Well, then I would expect that the ICE attorneys would then have to rule on my requests and reverse themselves again. Remember, one of the plaintiffs was granted prosecutorial discretion. Right. And then it was revoked summarily at the hearing because of the Kelly memo. Right. So now I lost the stipulation for administrative closure. Okay. And I lost, so she's tremendously prejudiced by this, in my opinion, because she would have had. Would the case, based on the way you suited out, would the case then end at that point? Would the case end in the removal proceeding? The case end if you won and, and, and, yes. In the district court? It would presumably end, yes. And, and what would the effect be of the, the ability of those ICE attorneys to recommend administrative closure? Nothing. Because the, just because Castro-Tomb remains enforceable. Well, but how challengeable, certainly on a second round. In a second lawsuit. Right. In a, in the removal proceeding on petition for review, then Castro-Tomb would be challengeable. Okay. All right. Absolutely. And I just wanted to remind the court that one of these individuals already had prosecutorial discretion recommended. And the district court didn't address that one at all. You don't have to get relief in your suit. I mean, in theory, if Castro-Tomb were overturned or abrogated, your clients could go direct, could get relief from the IJ without a DHS recommendation. Yes, but it would be highly unlikely that it would be granted in the absence of the recommendation. Because there's multiple factors addressed in that case when the, when the immigration is opposed to administrative closure. I think it's in a completely different story when it's stipulated, 65,000 aliens got it granted when it was stipulated. Very few gets it granted when it's not stipulated. And it's also limited. It's also limited in, according to the opinion by the attorney general, it's limited to certain circumstances. I mean, there's some discretion, but. But furthermore, I'm sorry. No, go ahead. Furthermore, Castro-Tomb could be invalidated by a ruling of the Supreme Court, by a ruling of this court. And it happens by coincidence that there's a motion before this very panel today that raises the possibility in a proceeding unrelated to this one of, of Castro-Tomb being challenged and ruled on by, by this court. So lawfulness of Castro-Tomb. I have no doubt that the case will prevail. So your clients, if they can get the, the administrative order barring ICE attorneys from recommending, would have, in any of those circumstances, a better opportunity to secure the ultimate relief they are seeking if Castro-Tomb is overturned. And they would have a second round to argue that Castro-Tomb should be. And they would have the second round. And argue it. To challenge Castro-Tomb. Because retroactivity is a major issue. In a petition for review of the removal order. Right. So, okay. Thank you.  Thank you. Nicely argued. Thank you.